UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                    §
                                          §
Halla Karaman                             §    Case No. 14-01797
                                          §
                                          §
               Debtor(s)                  §

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ \_\_\_\_ as interim compensation and now requests a sum of $ \_\_\_\_, for a total compensation of $ \_\_\_\_[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ \_\_\_\_, and now requests reimbursement for expenses of $ \_\_\_\_, for total expenses of $ \_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/STEVEN R. RADTKE_____
                                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 14-01797 | JPC | Judge: | Jacqueline P. Cox | Trustee Name: | STEVEN R. RADTKE |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Halla Karaman | | | | Date Filed (f) or Converted (c): | 01/21/2014 (f) |
| | | | | | 341(a) Meeting Date: | 03/03/2014 |
| For Period Ending: | 12/09/2014 | | | | Claims Bar Date: | 10/21/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Chase Checking | 380.00 | 612.40 | | 612.40 | FA |
| 2. Chase Savings | 8,025.00 | 4,405.08 | | 4,405.08 | FA |
| 3. Clothing | 3,500.00 | 0.00 | | 0.00 | FA |
| 4. 401K | 2,000.00 | 0.00 | | 0.00 | FA |
| 5. Auto Lease: 2013 Jeep Patriot | 15,825.00 | 0.00 | | 0.00 | FA |
| 6. 2013 Tax Refunds (u) | Unknown | 2,072.00 | | 2,072.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $29,730.00 | $7,089.48 | | $7,089.48 | $0.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee made demand for turnover of non-exempt portions of debtor's bank account, checking account and tax refunds. (Demand for said funds was made and Trustee received $7,089.48 on or about 7/21/14. Asset Notice filed)

Initial Projected Date of Final Report (TFR): 01/31/2016     Current Projected Date of Final Report (TFR): 01/31/2016

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 14-01797 | Trustee Name: STEVEN R. RADTKE |
| Case Name: Halla Karaman | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX5596 |
| | Checking |
| Taxpayer ID No: XX-XXX2642 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 12/09/2014 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/21/14 | | Halla Karaman | Proceeds from bank accounts | | $7,089.48 | | $7,089.48 |
| | | | Gross Receipts    $7,089.48 | | | | |
| | 1 | | Chase Checking    $612.40 | 1129-000 | | | |
| | 2 | | Chase Savings    $4,405.08 | 1129-000 | | | |
| | 6 | | 2013 Tax Refunds    $2,072.00 | 1224-000 | | | |
| 08/07/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $7,079.48 |
| 09/08/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.53 | $7,068.95 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $7,089.48 | $20.53 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $7,089.48 | $20.53 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $7,089.48 | $20.53 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*     Page Subtotals:     $7,089.48     $20.53

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5596 - Checking | $7,089.48 | $20.53 | $7,068.95 |
| | $7,089.48 | $20.53 | $7,068.95 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $7,089.48 |
| Total Gross Receipts: | $7,089.48 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 14-01797  
Debtor Name: Halla Karaman  
Claims Bar Date: 10/21/2014  

Date: December 9, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $1,458.95 | $1,458.95 |
| 100 2200 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $7.64 | $7.64 |
| 1 300 7100 | American Infosource Lp As Agent For<br>Td Bank, Usa<br>Po Box 248866<br>Oklahoma City, Ok 73124-8866 | Unsecured | | $0.00 | $118.25 | $118.25 |
| 2 300 7100 | Discover Bank<br>Db Servicing Corporation<br>Po Box 3025<br>New Albany, Oh 43054-3025 | Unsecured | | $0.00 | $1,630.02 | $1,630.02 |
| 3 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $1,124.17 | $1,124.17 |
| 4 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $191.73 | $191.73 |
| 5 300 7100 | U. S. Department Of Education<br>U.S. Department Of Education<br>C/O Nelnet<br>3015 South Parker Road, Suite 400<br>Aurora, Co 80014 | Unsecured | | $0.00 | $43,611.70 | $43,611.70 |
| 6 300 7100 | Matthew Haddad<br>Abrams & Abrams Pc<br>180 W Washington St # 910<br>Chicago, Il 60602 | Unsecured | | $0.00 | $19,357.84 | $19,357.84 |
| 7 300 7100 | Benedictine University<br>Business & Finance - Perkins Loan<br>5700 College Road<br>Lisle, Il 60532 | Unsecured | | $0.00 | $695.98 | $695.98 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 14-01797  
Debtor Name: Halla Karaman  
Claims Bar Date: 10/21/2014  

Date: December 9, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 8<br>300<br>7100 | N. A. Capital One Bank (Usa)<br>Capital One Bank (Usa), N.A.<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $0.00 | $755.10 | $755.10 |
| 9<br>300<br>7100 | Capital Recovery V, Llc<br>C/O Recovery Management<br>Systems Corporat<br>25 Se 2Nd Avenue Suite 1120<br>Miami Fl 33131-1605 | Unsecured | | $0.00 | $1,568.37 | $1,568.37 |
| | Case Totals | | | $0.00 | $70,519.75 | $70,519.75 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-01797
Case Name: Halla Karaman
Trustee Name: STEVEN R. RADTKE

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be     percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American Infosource Lp As Agent For | $ | $ | $ |
| 2 | Discover Bank | $ | $ | $ |
| 3 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 4 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 5 | U. S. Department Of Education | $ | $ | $ |
| 6 | Matthew Haddad | $ | $ | $ |
| 7 | Benedictine University | $ | $ | $ |
| 8 | N. A. Capital One Bank (Usa) | $ | $ | $ |
| 9 | Capital Recovery V, Llc | $ | $ | $ |

Total to be paid to timely general unsecured creditors      $_____

Remaining Balance      $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

  Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE